UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff(s),

vs.

CHARLES E. VAUGHN, JR.,

    Defendant(s).

                                     /

No.CR-05-0355 MHP

**ORDER RE MOTION FOR REDUCTION OF SENTENCE**

      Once again defendant returns to this court trying to obtain a clarification or modification of sentence. Without regard to the procedural niceties that apply, the court will address the motion since it can readily be disposed of on the merits.

      Defendant was charged in Count One of the indictment in this action with conspiracy to possess with intent to distribute "5 kilograms or more of cocaine, and 5 grams or more of cocaine base", pursuant to 21 U.S.C. sections 841(b)(1)(A), 841(b)(1)(B) and 846. He entered a plea pursuant to a plea agreement to "conspiracy to possess with intent to distribute 500 grams or more of cocaine and 5 grams *or more* of cocaine base, in violation of 21 U.S.C. § 846" (emphasis added). He further agreed "that my sentence should be calculated pursuant to the Sentencing Guidelines.[and] I understand that the Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Doc. 5 at ¶8. He also agreed that the Guideline range would be calculated at Base Offense Level 34 with adjustments for role in the offense and acceptance of responsibility to an Adjusted Offense Level 28. *Id*. Finally, he agreed

1  that "I will not ask for any other adjustment to or reduction in the offense level or for a downward
2  departure" from this Guideline range and that "a reasonable and appropriate disposition of this case
3  is ... 130 months imprisonment". *Id.*

4        The Presentence Report ("PSR") prepared by the Probation Department calculated his
5  Guideline range at an adjusted offense level of 37 based on the total offense conduct, i.e., the actual
6  amount of drugs involved in the conspiracy.   This court found the adjusted offense level to be 32
7  which yielded a Guideline range of 210- 262 months.  In adopting the plea agreement of the parties
8  the court reduced the sentence to 130 months imprisonment.

9        Defendant now tries to get more than the benefit of his bargain.  He seeks a reduction based
10 on the recent Amendment 706 adopted by the United States Sentencing Commission on November
11 1, 2007.   This Circuit has held that where the parties have arrived at an agreed upon sentence under
12 the terms of a plea agreement and where the sentence "was, in fact, based on the agreement between
13 the parties, rather than on a Guidelines sentencing range" the defendant is not entitled to the benefit
14 of subsequent Guideline amendments.  *United States v. Bride*, 581 F.3d 888, 891 (9th Cir. 2009).

15       It is clear from the record in this case that the sentence imposed by the court adhered to the
16 contours of the plea agreement, thus giving the defendant the benefit of that bargain compared to the
17 much more severe sentence under the applicable Guidelines.  Indeed, in its Statement of Reasons
18 filed at the time of the J&C, the court stated that its reason for a downward departure, authorized by
19 the "advisory sentencing guidelines", was a "binding plea agreement for departure accepted by the
20 court."  J&C, Attachment at 2, ¶ V.B.1.  Consistent with the *Bride* case, this court finds that
21 defendant is not entitled to the benefit of Amendment 706 and, therefore, his motion for reduction of
22 sentence is denied.

23       Defendant's request to clarify or correct a reference in the Judgment and Commitment
24 ("J&C") is also denied.  The reference to kilograms of cocaine on page one of the J&C reflects the
25 charge contained in the indictment, not the actual plea of the defendant.  In fact, he did plead to
26 more than 500 grams and the PSR included all of the drugs attributable to the conspiracy.  Hence,
27 the Guideline calculation in the PSR took those amounts into consideration.  What is clear from the
28

actual sentence imposed is that the sentence was significantly below the relevant conspiracy conduct and is in accordance with the plea agreement.

For the foregoing reasons, defendant's motion for modification and clarification, without regard to the lack of procedural regularity, is DENIED.

IT IS SO ORDERED.

Date: September 7, 2010

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California